Opinion filed September 20, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed September
20, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00111-CR 

                                                      ________

 

                                BRANDON KEITH SCOTT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CR30336

 



 

                                                                   O
P I N I O N

 

Brandon
Keith Scott appeals his conviction by a jury of the offense of forgery by
passing.  The jury assessed his punishment at two years in the State Department
of Criminal Justice, State Jail Division.  In a single issue, Scott contends
that the evidence is legally insufficient to support his conviction because
there was insufficient evidence to corroborate the testimony of Carmen Allison
Shuey, the complainants=
daughter, whom he contends was an accomplice.  We reverse and render.








In
order to determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The
State maintained that the complainants=
home was burglarized by Carmen, by Scott, and by a third person while they were
out of town on vacation.  Carmen identified Scott as being the man shown in a
security video as passing the complainants=
Check Number 4606, the check alleged in the indictment, at an Exxon station. 
Scott contends, and the State does not dispute, that the image in the picture
was difficult to make out.

Scott
contends that the evidence is insufficient because there was no evidence, other
than Carmen=s
testimony, tending to connect him with the commission of the offense.  The jury
was instructed in the court=s
charge that Carmen was an accomplice.

A
conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the
offense committed, and the corroboration is not sufficient if it merely shows
the commission of the offense.  Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).  There is no evidence
other than Carmen=s
testimony that would tend to connect Scott with this offense.

The
State, rather than referring us to any corroborating evidence, contends that
the charge was erroneous and that the evidence does not show that Carmen was an
accomplice.  Neither Scott nor the State objected to the court=s charge.  The State notes
that in determining the sufficiency of the evidence it is measured against a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  It argues that Carmen was not a party to the offense
who could have been prosecuted for the offense.








Carmen
testified that she met Scott not long before she and he broke into her parents= home. She admitted that
she, Scott, and a third person broke into her parents= home and that she took some of their checks
from their house.  When asked what was done with those checks, Carmen said, AWe went to the store.  We
went to several stores and used them.@ 
She indicated that she kept the checkbook and that she and Scott went to cash
them.  She said they went around writing Athese
checks@ until they ran
out of checks.  With respect to the check that was the subject of this
prosecution, Carmen testified that she did not go with Scott to cash it and
that she did not know anything about the check.  However, on cross-examination,
Scott=s attorney
stated, AYou went
around for three days with this man day and night without any sleep, but
somehow he slipped between the cracks and got away from you long enough to go
over to the Exxon station on South Rankin road to buy a package of cigarettes
and you didn=t know
anything about it --.@ 
Carmen replied, ANo,
sir.@

A
person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense.  Tex.
Penal Code Ann. '
7.02(a)(2)  (Vernon 2003).  We hold that, based upon her own testimony, Carmen
could have been found to have, acting with the intent to promote or assist the
commission of the offense, aided Scott in committing the offense by providing
him with the check to pass at the Exxon station.  That being the case, the
State=s contention
that Carmen was not an accomplice because she could not have been prosecuted
for this offense is without merit.  While it is true, as the State suggests,
that there is no direct evidence as to how Scott came to be in possession of
the checkbook, a reasonable jury could find, from Carmen=s testimony, that she was in charge of the
checkbook, that she and Scott were acting together in cashing the checks, and
that she aided him in the commission of this offense by providing him with the
checkbook on the occasion in question.  Because Carmen could have been
prosecuted for this offense, she was an accomplice.  We sustain Scott=s sole issue on appeal.

We
reverse the judgment of the trial court and render a judgment of acquittal.

 

 

JOHN G. HILL

JUSTICE

September 20,
2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  McCall, J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.